Karen L. Martinez (Bar No. # 7914)
Thomas M. Melton (Bar No. # 4999)
Lindsay S. McCarthy (Bar No. # 5216)
Attorneys for the Plaintiff
SECURITIES AND EXCHANGE COMMISSION
15 W. South Temple, Suite 1800
Salt Lake City, UT  84101
(801) 524-5796

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>DIATECT INTERNATIONAL CORPORATION, DAVID H. ANDRUS, JAY W. DOWNS AND MICHAEL P. McQUADE.<br><br>Defendants. | Civil Action No.  2:07CV709<br><br>Judge: Dale Kimball |

**FINAL JUDGMENT AS TO DEFENDANT MICHAEL P. MCQAUDE**

The Securities and Exchange Commission having filed a Complaint and Defendant Michael P. McQuade having entered a general appearance; consented to the Court's jurisdiction over Defendant and the subject matter of this action; consented to entry of this Final Judgment without admitting or denying the allegations of the Complaint (except as to jurisdiction); waived findings of fact and conclusions of law; and waived any right to appeal from this Final Judgment:

I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant and Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

（a）　to employ any device, scheme, or artifice to defraud;

（b）　to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

（c）　to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

II.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant and Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from aiding and abetting any violation of Section 13(a) of the Exchange Act [15 U.S.C. § 78m(a)] and Rules 12b-20, 13a-1, 13a-13, and 13b2-2 [17 C.F.R. §§ 240.12b-20, 240.13a-1, 240.13a-13 and 240.13b2-2] by knowingly providing substantial assistance to an issuer, the filing with the Commission, of any annual or

quarterly report, required to be filed with the Commission pursuant to Section 13(a) of the Exchange Act [15 U.S.C. §78m(a)] and the rules and regulations promulgated thereunder, which contains any untrue statement of material fact, which omits to state any material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading, or which omits to disclose any information required to be disclosed.

III.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, pursuant to Section 21(d)(2) of the Exchange Act [15 U.S.C. § 78u(d)(2)], Defendant is prohibited from acting as an officer or director of any issuer that has a class of securities registered pursuant to Section 12 of the Exchange Act [15 U.S.C. § 78l] or that is required to file reports pursuant to Section 15(d) of the Exchange Act [15 U.S.C. § 78o(d)].

IV.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant shall pay a civil penalty in the amount of $50,000 pursuant to Section 21(d)(3) of the Exchange Act. Defendant shall make satisfy this payment obligation pursuant to the terms of the payment schedule set forth in paragraph V below. Defendant shall make all payments by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission. The payment shall be delivered or mailed to the Office of Financial Management, Securities and Exchange Commission, Operations Center, 6432 General Green Way, Mail Stop 0-3, Alexandria, Virginia 22312, and shall be accompanied by a letter identifying Michael P. McQuade as a defendant in this action; setting forth the title and civil action number of this action and the name of this Court; and specifying that payment is made pursuant to this Final Judgment. Defendant shall pay post-judgment interest on any delinquent

amounts pursuant to 28 USC § 1961.  The Commission shall remit the funds paid pursuant to this paragraph to the United States Treasury.

V.

Defendant shall pay $50,000 in 13 installments according to the following schedule:  (1) $12,500, within 10 days of entry of this Final Judgment; (2) $3,125.00 within 30 days of the entry of this Final Judgment plus post-judgment interest pursuant to 28 U.S.C. § 1961; (3) $3,125.00 within 60 days of the entry of this Final Judgment plus post-judgment interest pursuant to 28 U.S.C. § 1961; (4) $3,125.00 within 90 days of the entry of this Final Judgment plus post-judgment interest pursuant to 28 U.S.C. § 1961; (5) $3,125.00 within 120 days of the entry of this Final Judgment plus post-judgment interest pursuant to 28 U.S.C. § 1961; (6) $3,125.00 within 150 days of the entry of this Final Judgment plus post-judgment interest pursuant to 28 U.S.C. § 1961; (7) $3,125.00 within 180 days of the entry of this Final Judgment plus post-judgment interest pursuant to 28 U.S.C. § 1961; (8) $3,125.00 within 210 days of the entry of this Final Judgment plus post-judgment interest pursuant to 28 U.S.C. § 1961; (9) $3,125.00 within 240 days of the entry of this Final Judgment plus post-judgment interest pursuant to 28 U.S.C. § 1961; (10) $3,125.00 within 270 days of the entry of this Final Judgment plus post-judgment interest pursuant to 28 U.S.C. § 1961; (11) $3,125.00 within 300 days of the entry of this Final Judgment plus post-judgment interest pursuant to 28 U.S.C. § 1961; (12) $3,125.00 within 330 days of the entry of this Final Judgment plus post-judgment interest pursuant to 28 U.S.C. § 1961; (13) $3,125.00 within 360 days of the entry of this Final Judgment plus post-judgment interest pursuant to 28 U.S.C. § 1961

If Defendant fails to make any payment by the date agreed and/or in the amount agreed according to the schedule set forth above, all outstanding payments under this Final Judgment,

including post-judgment interest, minus any payments made, shall become due and payable immediately without further application to the Court.

VI.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Consent is incorporated herein with the same force and effect as if fully set forth herein, and that Defendant shall comply with all of the undertakings and agreements set forth therein.

VII.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

VIII.

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Final Judgment forthwith and without further notice.

Dated: May 7, 2010.

_____
Dale A. Kimball
UNITED STATES DISTRICT JUDGE